UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEJUAN THORNTON | ) | |
| | ) | |
| v. | ) | No. 08 C 3999 |
| | ) | Judge John W. Darrah |
| UNITED STATES OF AMERICA | ) | |

GOVERNMENT'S RESPONSE TO § 2255 MOTION

Having been sentenced for drug and firearm offenses on January 29, 2003, Dejuan Thornton has now filed a motion pursuant to 28 U.S.C. § 2255 seeking to attack his conviction. For the following reasons, the motion should be denied.

1. On May 1, 2002, an indictment was returned charging defendant with illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c)(1). R. 1.

2. On October 17, 2002, a jury found the defendant guilty of Counts One through Three of the indictment.

3. On January 29, 2003, this Court sentenced Thornton to a total of 387 months' imprisonment. R. 93. Thornton appealed the same day, R. 89, but failed to pursue his appeal. It was dismissed for want of prosecution by the Seventh Circuit on October 30, 2003. R. 105. Thornton's conviction became final for purposes of § 2255 one year after the time elapese for filing a petition for certiorari from this order. Clay v. United States, 537 U.S. 522, 531 (2003).

4. Within one year of the order dismissing his appeal, on August 18, 2004, Thornton filed with this Court a motion seeking his immediate release on the ground that the Court "has no authority to issue judgments against anyone" because the Court

"was never confirmed by congress to be a federal judge." R. 108. To date, this motion has not been ruled on.

5. On March 24, 2006, Thornton again filed a motion, this time styled a "Rule 60(b) Motion," attacking his conviction and sentence on the ground that the Court has no signed oath of office "on file for the public," R. 114 at 1, and therefore has no authority to issue judgments. *Id.* at 2. This motion, also, has not been ruled on.

6. On July 15, 2008, Thornton filed the current § 2255 motion, again seeking relief on the ground that the Court had no authority to issue a judgment against him. Thornton, this time, asserts that the Court has no authority since it has retired from public office.

7. Only the first of Thornton's motions is timely, since it was brought within one year of the date his conviction became final. It does not matter how Thornton labeled his motion, it should still be treated as a § 2255 motion: "[T]he name makes no difference. It is substance that controls." *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). Because Thornton's motion challenged the legality of his conviction and sentence, it was a collateral attack on his conviction—the functional equivalent of a § 2255 motion. Though untimely, Thornton's later motions are variations on the theme presented in his first motion and may be considered to relate back to the timely filed first motion. *Ellzey v. United States*, 324 F.3d 521, 526-27 (7th Cir. 2003).

8. Thornton's collateral attack on his conviction is meritless. First, Thornton failed to raise his claim about the alleged defect in the Court's authority on direct appeal. He has thus defaulted this claim, and he has not made the necessary showing

of cause and prejudice for his failure to do so that would allow the Court to consider the allegation. *United States v. Frady*, 456 U.S. 152, 170 (1982).

9. Even more fundamentally, Thornton's claim is meritless because the Court is properly constituted. The Court may take judicial notice of the fact that it was confirmed by the Senate on June 30, 2000, and received its commission on July 14, 2000, facts that are made known to the public by the Federal Judicial Center through its website: http://www.fjc.gov. Thornton seems to confuse the Court's retirement from the Dupage County Circuit Court with its current position with the Northern District of Illinois. Thornton's further claim that the Court had no jurisdiction over him as a "moorish American," § 2255 Motion at 5, or is simply frivolous.

WHEREFORE, the United States respectfully requests that the Court deny Thornton's collateral attacks on his conviction.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: /s/ Stuart D. Fullerton
STUART D. FULLERTON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

**CERTIFICATE OF SERVICE**

I, STUART D. FULLERTON, certify that on November 6, 2008, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**GOVERNMENT'S RESPONSE TO § 2255 MOTION**

were served pursuant to the district court's ECF system as to ECF filers, and was sent via United States Mail on November 6, 2008, to the following non-ECF filer:

DeJuan B. Thornton-Bey
#20791-424
Florence - ADMAX
P.O. Box 8500
Florence, CO 81226

/s/ Stuart D. Fullerton
STUART D. FULLERTON
Assistant United States Attorney
219 S. Dearborn, 5th Floor
Chicago, IL 60604
(312) 353-5266